# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE AT NASHVILLE
January 21, 2025 Session

## STATE OF TENNESSEE v. MUSTAFA MALIK SLATER AND TRAMELL RASHA SPARKMAN

### Appeal from the Circuit Court for Hickman County
No. 20-5028CR     Michael E. Spitzer, Judge

_____

### No. M2024-01280-CCA-R9-CO

_____

In this interlocutory appeal, at issue is the appropriate jury instruction to be given in a murder case for a crime committed in 2015 but tried in 2024. In the time between the murder and trial, the Tennessee Supreme Court released an opinion, *State v. Thomas*, 687 S.W.3d 223 (Tenn. 2024), which abrogated the old common-law accomplice-corroboration rule. The State requested the new jury instruction pursuant to *Thomas*, and the trial court ruled that fairness concerns required the old common-law instruction. The State sought and obtained an interlocutory appeal. On appeal, it asserts that the trial court erred and that the jury should be instructed pursuant to *Thomas*. After review, we conclude that the *Thomas* court intended that the new law apply to trials commencing after March 7, 2024. Because the trial for this matter has not yet commenced, the jury in this case shall be instructed in accordance with *Thomas* and its conclusion regarding the jury instruction about accomplice testimony. Accordingly, the order of the trial court is reversed, and this case is remanded for further proceedings consistent with this opinion.

### Tenn. R. App. P. 9 Appeal as of Right; Judgment of the Circuit Court Reversed

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and TIMOTHY L. EASTER, JJ., joined.

Jonathan Skrmetti, Attorney General and Reporter; Edwin Alan Groves, Jr., Assistant Attorney General; and Han Schwendimann, District Attorney General, for the appellant, State of Tennessee.

E. Kendall White, IV, Coeur D'Alene, Idaho; and Wade B. Romine, Gallatin, Tennessee, for the appellee, Mustafa Malik Slater.

Douglas Thompson Bates, IV, Centerville, Tennessee, for the appellee, Tramell Rasha Sparkman.

# OPINION
## I. Facts

This case arises from the killing of Paul Gregory Hayward on December 27, 2015. In 2021, a Hickman County grand jury indicted four defendants, including Defendants Slater and Sparkman, for first degree felony murder, first degree premeditated murder, attempted robbery, and conspiracy to commit robbery. Defendant Sparkman was also indicted for unlawfully possessing a weapon as a convicted felon.

The indictment indicated that the four defendants contrived a plan for two of them, Defendant Lyndsey Barnes and Defendant Jamie Swarthout, both female, to flirt with an unsuspecting man at a bar and then convince him to leave the bar with them. They would then drive the man to a secluded location, notify Defendants Slater and Sparkman, who would then come and rob the man. On December 27, 2015, the two women met Mr. Hayward at the Thirsty Mule in Columbia, Tennessee, and convinced him to ride the back roads with them while smoking marijuana. The two women, who remained in contact with Defendants Slater and Sparkman by text message, drove to a secluded location and pulled over to the side of the road where they were met by Defendants Slater and Sparkman. Mr. Hayward was later found dead.

Pretrial motions from the parties indicate that Mr. Hayward was found dead surrounded by 9mm casings, but the investigation was unfruitful until law enforcement officers received a tip five years later. Ms. Swarthout's friend informed them that Ms. Swarthout confessed that she, a "man", and Ms. Barnes were attempting to rob the victim when things went awry, and they shot him. Tennessee Bureau of Investigation Agent Sells and Hickman County Sheriff's Department Deputy Craig visited Ms. Swarthout, who was incarcerated at the time. Both Ms. Swarthout and later Ms. Barnes implicated Defendants Sparkman and Slater. Pretrial motions raised issues with the interrogation, and resulting admissibility, of both women's statements.

On August 2, 2024, Defendant Sparkman filed a motion asking the trial court to apply the accomplice-corroboration rule to this case. He noted that Tennessee's long adopted rule was that a conviction may not be based solely upon the uncorroborated testimony of an accomplice to the offense. The motion acknowledged that the common law had changed by *State v. Thomas*, 687 S.W.3d 223 (Tenn. 2024), which overturned this rule. His motion asserted that the case stated that it "applied only to 'prospective cases.'" The motion noted that *State v. Hughes* did not apply the rule to the case on appeal, so it asked for the same reasons not to apply the *Thomas* ruling to this case, as it had been

2

pending since 2020.  To do so, the Defendant argued, would benefit the State with the unnecessary delay in this case.

The State responded, asserting that *Thomas* abolished the current Tennessee Pattern Jury Instructions (Criminal) on Accomplice Testimony, 42.09 and 42.09(a).  It disagreed with Defendant Sparkman's characterization of the *Thomas* opinion and stated that the ruling required that it be applied "to all trials commencing after the date of their mandate," which would be the date the opinion was filed, March 7, 2024.

The trial court acknowledged the law, and then it found:

> While the Court [in *Thomas*] stated, "shall be applied to trials commencing after the date of the mandate", this Court is hesitant to apply that language literally in light of a reading of the whole case.  The facts of this case are very similar to *Thomas*, and it is just weeks away from trial.  Further, the Court unequivocally stated that the *Thomas* ruling was to have prospective application only.  If so, what was the usefulness of lengthy argument with Justice Campbell, who argued for retroactive application mandate.  The Court begged to differ with Justice Campbell's dissent and pointed out that Justice Campbell believed it was improper to allow prospective application only to the new ruling and argued "that the abrogation of the accomplice corroboration rule should be applied retroactively to the change in the holding *in this case and other pending cases that have not yet reached final judgment.*"  This reference, which the majority opinion never seemed to dispute as to other cases, casts a shadow on the case now before this court, which has "not yet reached final judgment."

> In her dissent, Justice Campbell stated at page 266 of the opinion "I would follow our precedents and apply our holding abrogating the accomplice-corroboration rule retroactively in this case and *others in the pipeline.*"

> In *Thomas*, the incident for which the trial was brought occurred in 2015.  In the case now before the court, the incident for which the trial is brought occurred in 2015.  In both cases, both the *Thomas* case and the one now before the court, involved indictments hinging on pre-meditated murder.  One of the defendants obtained a new court appointed lawyer as late as February 9, 2024, with the *Thomas* decision not coming out until a month later.  Initial considerations rested on developing a strategy involving any corroboration of the accomplice testimony.

3

The Court, after considering numerous states and the history of retroactive application, chose to allow the *Thomas* case to utilize the requirement of corroboration and ruled that the decision of abrogation of the rule would apply prospectively and be "applied to all trials commencing after the date of the mandate." If the court literally means "trials", with the empaneling of the jury, and not cases in the pipeline then there are serious due process concerns for the case of Slater and Sparkman. Certainly, there are due process concerns here that preclude this court from ruling that prospective application of *Thomas* applies to the retroactive movement of this case to trial. As alluded by Justice Campbell in her dissent, if the majority opinion wanted only prospective application of the ruling, it would have no impact retroactively on such cases as this which are in the pipeline. For fundamental fairness and due process concerns, one would have to say that the case now before the court has been in the pipeline measuring its risks for trial on the state of the law just six (6) months prior to the *Thomas* decision and on very similar facts.

But for the lengthy discussion of retroactive application of the abrogation of the common law rule that a conviction cannot be based on the uncorroborated testimony of an accomplice alone, which the Supreme Court refused to apply retroactively, this defense motion would have no weight, and the ruling would have to side with the State. However, either there was much ado about nothing, concerning retroactive application, in the *Thomas* decision or the Court chose to allow the common law rule to be applied in *Thomas* with an intent that it would be applied in other similar cases such as this, where due process rights and fundamental fairness rules are at risk. This court out of an abundance of caution, and on grounds of fundamental fairness and due process concerns must therefore lean in favor of true prospective application only.

Therefore, grounded in concerns of justice, fairness and due process, grounded in the procedural facts of this case, with the relative nearness to a trial at the time . . .the *Thomas* decision came out, this Court yields to this case being in the pipeline of cases with no retroactive application of the *Thomas* decision. The Court also notes the defense motion to dismiss due to undue delay while standing alone does not merit, but if coupled with a *Thomas* mandate, here, would highly prejudice these defendants.

Accordingly, the trial court granted the defendant's motion for a jury instruction as set forth at Tennessee Pattern Jury Instruction 42.09.

The State filed a motion seeking an interlocutory appeal pursuant to Tennessee Rule of Appellate Procedure 9. In the motion, the State noted that both defendants had been incarcerated since 2021, serving time for other, unrelated sentences. It explained that the delay in trying the case had been for a variety of reasons, including the COVID-19 pandemic and that the District Attorney's office for the newly created 32nd Judicial District had inherited more than 400 pending circuit court cases. The State asked for a trial date in November 2023, but the trial court set the matter for trial in August of 2024. In March 2024, *Thomas* was released, so in July 2024, the State filed a pre-trial motion requesting an instruction based on *Thomas*.

The trial court granted the interlocutory appeal and certified the issue presented as follows:

> ISSUE CERTIFIED BY THIS COURT: Whether or not the ruling or mandate of the *Thomas* case requires a jury instruction, in this case, factually similar in time and setting as the *Thomas* facts, instructing the jury that these defendants can be convicted on their uncorroborated testimony of an accomplice.

## II. Analysis

On appeal, the Defendants contend that the trial court correctly ruled that the common-law rule of accomplice testimony, as articulated in Tennessee Pattern Jury Instruction 42.09 is applicable at the trial of this case. The State contends that the majority opinion in *Thomas*, which controls this finding, is clear that *Thomas* should apply to this case.

Before *Thomas*, our law provided that "evidence is insufficient to sustain a conviction when the conviction is solely based upon the uncorroborated testimony of one or more accomplices." *State v. Thomas*, 687 S.W.3d at 239 (citations omitted). As our supreme court has recently described the accomplice-corroboration rule,

> [T]here must be some fact testified to, entirely independent of the accomplice's testimony, which, taken by itself, leads to the inference, not only that a crime has been committed, but also that the defendant is implicated in it; and this independent corroborative testimony must also include some fact establishing the defendant's identity. This corroborative

5

evidence may be direct or entirely circumstantial, and it need not be adequate, in and of itself, to support a conviction; it is sufficient to meet the requirements of the rule if it fairly and legitimately tends to connect the defendant with the commission of the crime charged. It is not necessary that the corroboration extend to every part of the accomplice's evidence. The corroboration need not be conclusive, but it is sufficient if this evidence, of itself, tends to connect the defendant with the commission of the offense, although the evidence is slight and entitled, when standing alone, to but little consideration.

*Thomas,* 687 S.W.3d at 240 (quoting *State v. Bigbee*, 885 S.W.2d 797, 803 (Tenn. 1994)). The law defines an accomplice as "one who knowingly, voluntarily, and with common intent participates with the principal offender in the commission of a crime." *Id*.at 239 (quoting *State v. Bough*, 152 S.W.3d 453, 464 (Tenn. 2004)). "A witness qualifies as an accomplice if that witness could be indicted for the same offense charged against the defendant." *Id*. at 239-40 (citation and internal quotation marks omitted).

The Tennessee Pattern Jury Instructions summarized the old common law accomplice-corroboration rule for trial judges in 42.09.

T.P.I. CRIM. 42.09
ACCOMPLICE

An accomplice is a person who knowingly, voluntarily, and with common intent with the principal offender unites with him or her in the commission of the crime. If a witness was an accomplice in the crime, then his or her testimony must be corroborated. Corroborating evidence is that evidence, entirely independent of the accomplice's testimony, which, taken by itself, leads to the inference not only that a crime has been committed but also that the defendant was implicated in it. This independent corroborative testimony must include some fact or circumstance that affects the defendant's identity. Corroborative evidence may be direct or entirely circumstantial and it need not be adequate, in and of itself, to support a conviction. It is sufficient if the corroborative evidence fairly and legitimately tends to connect the defendant with the crime charged. It is a question for the jury to determine whether an accomplice's testimony has been sufficiently corroborated. Accomplice testimony cannot be corroborated by another accomplice's testimony.

In this case it is a question for the jury to determine whether the [witness], was an accomplice in this alleged crime. If you find from the proof that the witness was an accomplice, then the defendant cannot be convicted upon the uncorroborated testimony of this witness. If you find that the witness was not an accomplice, then you will judge the weight to be given to her testimony just as you do that of the other witnesses in the case.

Our Supreme Court recently examined the common law regarding accomplice testimony in *Thomas*, and it abolished the accomplice-corroboration rule. *Thomas*, 687 S.W.3d at 223.

The *Thomas* court noted that an "overwhelming majority" of jurisdictions have either declined to adopt an accomplice-corroboration rule or have repealed such a rule. *Id.* at 241-42. As aid for their reasoning, our supreme court cited *State v. Jones*, 216 A.3d 907 (Md. 2019), where the Maryland Supreme Court repealed a similar law. *Thomas* cited as guidance the following:

Ultimately, the Supreme Court of Maryland concluded that "a blanket rule requiring corroboration for accomplices intrudes too far into the jury's constitutional role as factfinder and unnecessarily and arbitrarily deprives the jury of the opportunity to assess and decide the credibility of potentially highly relevant evidence."

*Thomas*, 687 S.W.3d at 244 (citing *Jones*, 216 A.3d at 919).

After abolishing the rule, the Tennessee Supreme Court instructed:

Until such time as the Committee on Pattern Jury Instructions (criminal) of the Tennessee Judicial Conference adopts a permanent instruction on this issue, the trial courts of our state should utilize the following temporary jury instruction in cases involving accomplice testimony:

The prosecution has presented a witness who claims to have been a participant with the defendant in the crime charged. While you may convict upon this testimony alone, you should act upon it with great caution. Give it careful examination in the light of other evidence in this case. You are not to convict upon this testimony alone unless you are convinced beyond a reasonable doubt that it is true.

7

*Thomas*, at 248.

The *Thomas* court also instructed that this new rule of law should not apply retroactively but only prospectively, in the interest of fairness and due process. *Id.* at 245 ("[I]n the interest of fairness, we will apply the common law accomplice-corroboration rule to [the defendant in the *Thomas*] case, but the rule will be abolished in its current form going forward and that change shall be applied to all trials commencing after the date of the mandate."); *see also* Tenn. R. App. P. 42(a) ("The clerk of the Supreme Court shall transmit to the clerk of the trial court the mandate of the Supreme Court, with notice to the parties, 11 days after entry of the judgment unless the court orders otherwise."). The *Thomas* court stated specifically:

> [T]he rule will be abolished in its current form going forward and that change shall be applied to all trials commencing after the date of the mandate.

*Thomas*, at 245. Commence is defined as: "to have or make a beginning: start." Commence, Merriam-Webster Dictionary (11th ed. 2020). The *Thomas* court clearly stated that the new law would apply to "trials" commencing or starting after the date of the mandate, which was March 7, 2024. The *Thomas* court did not indicate that the new law would apply to "prosecutions" commencing or starting after the date of the mandate. After our review, we conclude that, had the Tennessee Supreme Court had intended *Thomas* to apply to all pending cases, it would have said that its holding applied to all prosecutions commenced after the date of the mandate. Because the language states "trials" commencing after the date of the mandate, we hold that *Thomas* applies to the case under submission.

We note that the trial court, in an abundance of caution and in deference to fairness, pointed to the majority's summary of Justice Campbell's dissenting opinion in *Thomas* as a basis for confusion. Justice Campbell agreed with the holding of the majority but, in her dissent, advocated for retroactive application. The majority, when addressing this dissent, stated that Justice Campbell argued that the "abrogation of the accomplice corroboration rule should be applied retroactively to change the holding in this case and other pending cases that have not yet reached final judgment." *Id.*

We interpret the disagreement to be over whether the new law articulated in *Thomas* should apply to the defendant in *Thomas*, as well as to "pending cases," which can only mean cases whose ***trials*** had commenced before the issuance of the decision in *Thomas*. By the plain language of the opinion, "pending cases" cannot mean cases whose prosecution had commenced but were pending trial.

8

The Defendant cites to *State v. Hughes*, issued after *Thomas,* as conflating the issue more because it applied the common law accomplice-corroboration law to that case. *State v. Hughes*, No. M2023-00732-CCA-R3-CD, 2024 WL 22390312, at *12 (Tenn. Crim. App. May 17, 2024), *perm. app. denied* (Tenn. Oct. 25, 2024). In the *Hughes* case, the trial commenced before March 7, 2024. While the decision on appeal occurred after that date, the trial did not. In our view this is one of the "pending cases" about which the majority and the dissent disagreed in *Thomas*. This court followed the *Thomas* majority, and applied the accomplice-corroboration law, since the trial had commenced before the issuance of the *Thomas* mandate.

### III. Conclusion

Accordingly, we conclude that the *Thomas* court intended that the new law apply to trials commencing after March 7, 2024. Since the trial in the case under submission has not yet commenced, the jury in this case shall be instructed in accordance with the jury instruction about accomplice testimony as articulated by the Tennessee Supreme Court in *Thomas*. The order of the trial court is reversed, and this case is remanded for further proceedings consistent with this opinion.

_____s/ *ROBERT W. WEDEMEYER*_____
ROBERT W. WEDEMEYER, JUDGE